UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Mark Wagner | | Bethany Pelliconi |

**Proceedings:** PLAINTIFF'S MOTION FOR REMAND (Dkt. 8, filed August 15, 2016)

## I.   INTRODUCTION

On June 16, 2016, plaintiff Brad Gloger filed a complaint against defendants Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("MLPFS"), Bank of America, N.A. ("BANA"), Greg Conyers, and Does 1–100, inclusive. See Dkt. 1-1, Ex. A ("Compl."). Plaintiff alleges 12 claims against MLPFS and Does 1–10, including violations of California's Fair Employment and Housing Act ("FEHA"), California Labor Code, and California Business and Professional Code, along with breach of contract, and invasion of privacy. Id. Plaintiff raises only one claim against BANA and Conyers, alleging invasion of privacy. Compl. ¶¶ 88–95.

On June 21, 2016, plaintiff served MLPFS and BANA ("defendants") with its complaint. On July 21, 2016, defendants removed this action to this Court, alleging that the Court may exercise federal question and diversity jurisdiction. Dkt. 1 ("Notice of Removal"). On August 15, 2016, plaintiff filed a motion to remand and requested attorneys' fees and costs as a result of removal. Dkt. 8 ("Mot."). On August 22, 2016, defendants filed an opposition to Plaintiff's motion to remand, dkt. 9 ("Opp'n), and requested that the Court take judicial notice of two documents. On August 29, 2016, plaintiff filed a reply, dkt. 13 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

## II. BACKGROUND

Since approximately August 2006, plaintiff has been a personal banking customer of BANA. Compl. ¶ 12. In May 2011, plaintiff became employed as a financial advisor with MLPFS. Id. ¶ 11.

On approximately October 13, 2015, Conyers, a BANA internal investigator, called a meeting with plaintiff about his personal accounts. Id. ¶ 13. When plaintiff arrived at the meeting, Steve Hamilton, a MLPFS Administrative Manager was in attendance. Id. ¶ 14. Conyers informed plaintiff that BANA was investigating whether plaintiff was involved in "structuring." Id. "Structuring" is the practice of avoiding deposits or withdrawals of $10,000 or more so as not to create a currency transaction report under the law, but depositing or withdrawing money in numerous smaller transactions instead.

On October 30, 2015, at plaintiff's request, plaintiff's doctor mailed a letter to MLPFS human resources and management, explaining that plaintiff had been receiving treatment for obsessive compulsive disorder, alcohol abuse, and gambling disorder. Id. ¶ 16.

On or about November 18, 2015, plaintiff called a meeting with Conyers to follow up on the investigation. Id. ¶ 17. When plaintiff arrived, Hamilton and plaintiff's boss, Craig Colbath, were in attendance. Id. Plaintiff understood that Conyers, Hamilton, and Colbath, had held a meeting prior to plaintiff's arrival. Id. Conyers, Hamilton, and Colbath questioned plaintiff about his cash withdrawals and volunteered information about their own experiences gambling. Id. Plaintiff was then informed that the investigation determined that plaintiff had not been involved in "structuring" and that the investigation was therefore concluded. Id.

On December 8, 2015, Hamilton and Colbath informed plaintiff that he was terminated. Id. ¶ 18. Plaintiff alleges that he learned from an MLFPS employee that plaintiff was terminated because of his disabilities. Id. ¶ 19. Plaintiff did not receive his deferred compensation. Id. ¶ 20.

Plaintiff first alleges that MLFPS and Does 1–10 discriminated against him on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

basis of his actual or perceived disability in violation of FEHA. Id. ¶¶ 27–32. Second, plaintiff alleges that MLFPS and Does 1–10 failed to prevent discrimination in violation of FHEA. Id. ¶¶ 33–36. Third, plaintiff alleges that he was wrongfully terminated in violation of public policy. Id. ¶¶ 40–32. Fourth, plaintiff alleges that MLFPS and Does 1–10 failed to provide reasonable accommodations for plaintiff's disability in violation of FEHA. Id. ¶¶ 44–47. Fifth, plaintiff alleges that MLFPS and Does 1–10 failed to engage in the interactive process to determine possible reasonable accommodations. Id. ¶¶ 51–54. Sixth, plaintiff alleges that MLFPS and Does 1–10 failed to allow plaintiff to inspect and copy his records in violation of California Labor Code §§ 266, 432, and 1198.5. Id. ¶¶ 57–59. Seventh, plaintiff alleges that MLFPS and Does 1–10 failed to provide the deferred compensation to which he is entitled. Id. ¶¶ 63–65. Eighth, plaintiff alleges that MLFPS and Does 1–10 failed to pay timely earned wages upon separation of employment, in violation of California Labor Code §§ 201 and 202. Id. ¶¶ 68–70. Ninth, plaintiff alleges that, as a result of the above violations of California wage and hour laws and FEHA, MLFPS and Does 1–10 gained an unfair advantage over other businesses, in violation of California Business and Professions Code § 17200 et seq. Id. ¶¶ 73–79. Tenth, plaintiff alleges that MLFPS and Does 1–10 materially breached his contract with MLFPS by failing to pay his deferred compensation. Id. ¶¶ 82–86. Eleventh, plaintiff alleges that MLFPS, Does 1–10, *and* BANA and Conyers invaded his privacy by disclosing private financial information to third parties without plaintiff's consent and without a legitimate reason. Id. ¶¶ 89–95. Twelfth, and finally, plaintiff seeks declaratory relief against MLFPS and Does; specifically, he seeks a declaration that his protected status was a substantial motivating factor in the decision to terminate him. Id. ¶¶ 100–103.

In support of removal, defendants assert that this Court may hear the case pursuant to its federal question jurisdiction because plaintiff's invasion of privacy claim is completely preempted by the Bank Secrecy Act ("BSA"), 31 U.S.C. §§ 5311, et seq. Notice of Removal ¶¶ 12–20. Defendants thus contend that the Court may exercise supplemental jurisdiction over all of plaintiff's other claims. Id. ¶ 21. Defendants also aver that the Court may hear the case on the grounds of diversity jurisdiction, 28 U.S.C. § 1332(a), because they allege that Conyers—whose presence in the case destroys complete diversity—is a fraudulently-joined "sham" defendant. Id. ¶¶ 22–37.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

### III. LEGAL STANDARDS

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction). There is "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). As a result, the party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

#### A. Federal Question Jurisdiction

A district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For an action to "arise under" the Constitution, laws, or treaties of the United States, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank in Meridian, 299 U.S. 109, 112 (1936). A federal question "must be disclosed upon the face of the complaint, unaided by the answer." Id. at 113; see also Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974).

Federal defenses do not "appear on the face of a well-pleaded complaint," and "[f]ederal pre-emption is ordinarily a federal defense to plaintiff's suit." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). However, defendants may remove on federal preemption grounds if Congress so completely preempts a particular area "that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63–64. "To be completely preemptive, a statute must have 'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co., 481 U.S. at 65).

#### B. Diversity Jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

Jurisdiction founded on diversity requires that the parties be in complete diversity and that the amount in controversy exceed $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and internal quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (9th Cir. 2009) (in deciding whether removal is proper, "the court resolves

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:681 (The Rutter Group 2005) (citing W. Am. Corp. v. Vaughan–Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

### C. Attorneys' Fees

If a court remands a case to state court after removal, 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to grant fees under § 1447(c) lies in the sound discretion of the trial court. See Toumajian v. Frailey, 135 F.3d 648, 657 (9th Cir. 1998). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). However, a finding of bad faith is not required, and the district court has "wide discretion to award attorneys' fees." Gotro v. R & B Realty Group, 69 F.3d 1485, 1487 (9th Cir. 1995).

"[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the Court should consider "whether the relevant case law clearly foreclosed the defendant's basis of removal . . . by looking to the clarity of the law at the time of removal." Id. at 1066.

### III. ANALYSIS

#### A. Federal Question Jurisdiction

Defendants argue that this action arises under the BSA because that statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

preempts plaintiff's state law claims. Notice of Removal ¶ 19. According to defendants, their allegedly unlawful actions were conducted pursuant to the requirements of the BSA and, therefore, the BSA's Safe Harbor provision, 31 U.S.C. § 5318(g)(3)(A), precludes liability. Id.

The Court disagrees. Plaintiff's claims are not preempted by the BSA because (1) the complaint arises exclusively from state law, (2) the complaint makes no reference to federal law; and (3) plaintiff is not attempting to vindicate any right conferred by the BSA. Defendants' assertion that the BSA preempts plaintiff's state law claims is a defense. See Metro. Life Ins., 481 U.S. at 63. But "[i]t is settled law that a case may not be removed to federal court on the basis of a federal defense, including a defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000) (quotation marks omitted). If plaintiff's claims fail because defendants are immune from liability pursuant to the BSA's Safe Harbor provision, "that doesn't mean this Court has jurisdiction, it means [defendant] wins." Sanchez v. Calportland Co., No. 2:15-CV-07121-CAS-SHX, 2015 WL 6513640, at *3 (C.D. Cal. Oct. 26, 2015) (quoting Placencia v. Amcor Packaging Distrib., Inc., 2014 WL 2445957, at *2-3 (C.D. Cal. May 12, 2014)).

While a defendant may remove a case to federal court if the state law claims are *completely* preempted by federal law, the BSA is not one of the three federal statutes that Supreme Court has found to have such "extraordinary pre-emptive power," Metro. Life Ins., 481 U.S. at 65. AmSouth Bank v. Dale, 386 F.3d 763, 776 (6th Cir. 2004); see Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6–9 (2003) (Sections 85 and 86 of the National Bank Act are completely preemptive); Metro. Life Ins., 481 U.S. at 63 (1987) (Section 502(a)(1)(B) of the Employee Retirement Income Security Act is completely preemptive); Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 23 (1983) (Section 301 of the Labor Management Relations Act is completely preemptive). Furthermore, the only federal court to have considered removal pursuant to BSA defenses concluded that the possibility of immunity under the BSA does not warrant removal to federal court. See Ventura v. Cent. Bank, No. 5:14-cv-338-KKC, 2015 WL 65139, at *2 (E.D. Ky. Jan. 5, 2015) (addressing the doctrine of complete

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

preemption, and concluding: "While the BSA provides [defendant] with immunity from the [plaintiffs'] state law claims, it does not confer federal question jurisdiction upon this court because a case may not be removed to federal court on the basis of a federal defense, even if the defense is the only question truly at issue in the case."). The Court is persuaded that the BSA does not completely preempt plaintiff's state invasion of privacy claim. Therefore, the Court may not exercise federal question jurisdiction over plaintiff's claim.

Because the Court lacks federal question jurisdiction over the invasion of privacy claim, it necessarily follows that the Court has no basis to exercise supplemental jurisdiction over plaintiff's other claims.

### B. Diversity Jurisdiction

Defendants also argue that the Court may exercise diversity jurisdiction because defendant Conyers, whose presence destroys complete diversity, is a "sham" defendant. According to defendants, there is no possibility that plaintiff will be able to establish a cause of action against Conyers, the in-state defendant, because (1) the BSA preempts plaintiff's invasion of privacy claim, Notice of Removal ¶ 27; (2) there was no disclosure to a third party, an element of a claim for invasion of privacy, because Conyers, BANA, and MLPFS were agents, employees, and representatives of a single entity, id. ¶ 28; (3) plaintiff has failed to plead facts sufficient to constitute an invasion of privacy cause of action, id. ¶¶ 29–31; and (4) Conyers's communications are privileged either under the common interest privilege, id. ¶¶ 33–34, or because an individual employee or agent cannot be subject to personal liability for acts they perform in the course and scope of their agency or employment, Opp'n at 11. The Court addresses these arguments in turn.

Defendants' argument that the BSA preempts liability goes to the merits of plaintiff's claim and is therefore not applicable to the Court's fraudulent joinder inquiry. See Hunter, 582 F.3d at 1045 ("[T]he preemption question requires an inquiry into the merits of the plaintiff's claims against all defendants and an analysis of federal law. In such a case, the defendant has failed to overcome the strong presumption against removal jurisdiction.") (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

In asking the Court to consider whether plaintiff has averred all of the elements of an invasion of privacy claim and whether he has alleged facts sufficient to support that claim, defendants invite the court to consider the merits of the claim as against Conyers *and* all other defendants. Such an inquiry is not "summary." See Hunter, 582 F.3d at 1044. And a finding of fraudulent joinder would "effectively decide[]" plaintiff's invasion of privacy claim. Id. (quoting Smallwood, 385 F.3d at 571). The Ninth Circuit has held:

> When, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such—an allegation that, as phrased by the Supreme Court in Chesapeake & O.R. Co. v. Cockrell, [232 U.S. 146, 153 . . . (1914),] "the plaintiff's case [is] ill founded as to all the defendants."

Hunter, 582 F.3d at 1044–45 (quoting Smallwood, 385 F.3d at 574); see also Hernandez v. First Student, Inc., No. 2:10-CV-8243-SVW-FMO, 2010 WL 5313293, at *3 (C.D. Cal. Dec. 16, 2010) ("[W]hen there are multiple defendants and the plaintiff's complaint states factually similar allegations against all of the defendants, a finding of fraudulent joinder is necessarily intertwined with the substantive merits of the various causes of action."). For purposes of determining whether the Court may exercise its diversity jurisdiction, such a merits-based decision is improper.

Similarly, defendants' argument that Conyers's communications are privileged constitutes a defense to the merits of plaintiff's claim. However, "[t]he presence of a potentially meritorious defense . . . does not bear on the question of fraudulent joinder." Cervantes v. Wells Fargo Bank, N.A., No. 5:15-CV-178-JLS-DTB, 2015 WL 2127215, at *4 (C.D. Cal. May 6, 2015) (rejecting defendant's argument that the common-interest privilege bars recovery against an allegedly sham defendant). Furthermore, defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

reliance on McCabe, 811 F.2d 1336, is inapposite. Defendants assert that McCabe stands for the proposition that a supervisor acting on behalf of their employer may not be held personally liable. See Opp'n at 11. However, in McCabe, the Ninth Circuit concluded that California law immunizes the conduct of agents who did not act "on their own initiative." 811 F.2d at 1339. Employees and agents are not *generally* immune from liability under California law:

> The general rule in California and elsewhere is that an agent is liable for his tortious acts that injure a third party. Cal. Civ.Code § 2343(3) states that "an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [w]hen his acts are wrongful in their nature." As explained by the standard treatise on black-letter California law, "[a]n agent or employee is always liable for his or her own torts, whether the principal is liable or not, and in spite of the fact that the agent acts in accordance with the principal's directions." 3 B.E. Witkin et al., Summary of Cal. Law § 199 (10th ed.2009 supp.) (citing Cal. Civ.Code § 2343(3); Perkins v. Blauth, 163 Cal. 782, 787, 127 P. 50 (1912); Bayuk v. Edson, 236 Cal.App.2d 309, 320, 46 Cal.Rptr. 49 (1965); Michaelis v. Benavides, 61 Cal.App.4th 681, 686, 71 Cal.Rptr.2d 776 (1998)).
>
> This rule is also stated in the Restatement of Agency. "An agent is subject to liability to a third party harmed by the agent's tortious conduct. Unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or an employee, with actual or apparent authority, or within the scope of employment." Restatement (3d) of Agency § 7.01 (2006).

Black Donuts, Inc. v. Sumitomo Corp. of Am., No. 2:10-CV-0454-SVW-SS, 2010 WL 9185024, at *6 (C.D. Cal. Mar. 3, 2010). An employee acts outside the scope of his employment, when he acts "out of personal malice, not engendered by the employment." Farmers Ins. Grp. v. Cty. of Santa Clara, 906 P.2d 440, 449 (Cal. 1995). Plaintiff alleges that Conyers acted with malice in disclosing private financial information. Compl. ¶ 95. Resolving ambiguities in plaintiff's favor, the Court finds that there is a "non-fanciful possibility" that plaintiff can show that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
|---|---|---|---|
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

Conyers acted with actual malice and, therefore, that Conyers's conduct was outside the scope of his employment. Barsell v. Urban Outfitters, Inc., No. 2:09-CV-02604-MMM-RZ, 2009 WL 1916495, at *3 (C.D. Cal. July 1, 2009). In addition, there is "a possibility" that plaintiff can show that Conyers is not entitled to the common interest privilege. Dodson, 951 F.2d at 42. Pursuant to California Civil Code Section 47(c), a communication is entitled to the common-interest privilege if it is made "without malice, to a person interested therein, by one who is also interested." Cal. Civil Code § 47(c). The statutory privilege is qualified, not absolute, and a plaintiff may defeat the privilege by a showing of malice. See Noel v. River Hills Wilsons, Inc., 7 Cal. Rptr. 3d 216, 222 (2003) ("The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and therefore acted in reckless disregard for the plaintiff's rights."). As noted above, the Court finds that it is possible that plaintiff can show that Conyers acted with actual malice. As a result, Conyers is not immune from liability as a matter of law.

The Court finds that defendants have failed to meet their burden of establishing that Conyers is a sham defendant, particularly in light of the strong presumption against removal jurisdiction, Gaus, 980 F.2d at 566, and the general presumption against fraudulent joinder, Hunter, 582 F.3d at 1046. As a result, the Court may not exercise diversity jurisdiction in this case.

  **C. Attorneys' Fees**

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests $14,250 in attorneys' fees incurred in connection with his motion to remand. Plaintiffs argue that removal was "improper," Mot. at 18, and that defendants did not adequately support their argument for removal, Reply at 16. But removal is not "objectively unreasonable" simply because defendants' arguments "lack merit." Lussier , 518 F.3d at 1065. Although defendants' rationale for removal was not persuasive, the Court does not find their arguments so objectively unreasonable that they warrant an award of attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** "O"

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-05445-CAS-E | Date | September 12, 2016 |
| Title | BRAD GLOGER v. MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., ET AL. | | |

### IV. Conclusion

For the reasons stated, the Court **GRANTS** plaintiff's motion to remand and, therefore, does not reach defendants' request for judicial notice. The Court **DENIES** plaintiff's request for attorneys' fees.

IT IS SO ORDERED.

                                                                   :    09

Initials of Preparer        IV